IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LESLIE RAY TENNANT, LONNIE C. FREY,
and LAWRENCE B. CARROLL,**

        Plaintiffs,

vs.

Case No.: **5:23-CV-87**
Judge: **Bailey**

ELECTRONICALLY FILED
Mar 06 2023
U.S. DISTRICT COURT
Northern District of WV

**SWN PRODUCTION (OHIO), LLC F/K/A
TRIAD HUNTER, LLC**, a foreign
limited liability company, and
**SWN PRODUCTION COMPANY, LLC**,
a foreign limited liability company,

        Defendants.

## COMPLAINT

NOW COME the plaintiffs Leslie Ray Tennant, Lonnie C. Frey, and Lawrence Carroll, by and through their undersigned counsel, Daniel J. Guida, Esq., Guida Law Offices, PLLC, and Christian E. Turak, Esq. and Jeremy M. McGraw, Esq., Gold, Khourey & Turak, L.C., and for their Complaint against the defendants, SWN Production (Ohio), LLC, f/k/a Triad Hunter, LLC, and SWN Production Company, LLC, state and allege as follows:

### GENERAL ALLEGATIONS

A. <u>Introduction</u>

1. The defendants, SWN Production (Ohio), LLC, f/k/a Triad Hunter, LLC ("SWNPO") and SWN Production Company, LLC ("SWNPC") improperly deducted post-

production costs from the plaintiffs Leslie Ray Tennant's, Lonnie C. Frey's, and Lawrence Carroll's (collectively "Plaintiffs") oil and gas royalty payments.

2. Plaintiffs' oil and gas leases fail to expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale, fail to identify with particularity the specific deductions the lessee intends to take, and fail to provide a method of calculating the amount to be deducted from royalty payments.

3. Therefore, and pursuant to controlling West Virginia law, the lessee of Plaintiffs' oil and gas leases is not permitted to deduct post-production costs from their royalty payments.

4. The principal damages resulting from the alleged conduct or any related conduct of SWNPO and SWNPC in this action were incurred in the State of West Virginia, where this action was filed initially and, during all relevant periods herein, SWNPO and SWNPC were doing business in the State of West Virginia.

5. Accordingly, Plaintiffs bring this action against SWNPO and SWNPC.

**B.** **Parties**

6. Plaintiff Leslie Ray Tennant is a natural person who resides in Brooke County, West Virginia.

7. Plaintiff Lonnie C. Frey is a natural person who resides in Tyler County, West Virginia.

8. Plaintiff Lawrence B. Carroll is a natural person who resides in Brooke County, West Virginia.

9. SWNPO is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPO

was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia. SWNPO is formerly known as Triad Hunter, LLC ("Triad").

10. SWNPC is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPC was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia.

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12. This Court has personal jurisdiction against SWNPO and SWNPC because it conducts business in the State of West Virginia and/or has otherwise intentionally availed itself of the West Virginia consumer market through the promotion and marketing of oil and gas development. This purposeful availment renders the exercise of jurisdiction by this Court over SWNPO and SWNPC permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in the Northern District of West Virginia under 28 U.S.C. § 1391 because the property rights at issue in this matter are situated in Tyler County, West Virginia; SWNPO and SWNPC have engaged in business in the Northern District of West Virginia; a substantial part of the events or omissions giving rise to the claims at issue in this matter occurred in the Northern District of West Virginia; and because SWNPO and SWNPC entered into transactions and/or received substantial profits from Plaintiffs and others who reside in the Northern District of West Virginia.

D. **Factual Allegations**

    i. **Plaintiffs' Oil and Gas Leases**

14. Plaintiffs own the oil and gas underlying an approximately 54.07-acre parcel of real property in Tyler County, West Virginia, which is identified by the Tyler County Assessor as Tax ID No. 4-12-67 (the "Property").

15. By Oil and Gas Lease Paid Up dated April 6, 2012, plaintiff Leslie Ray Tennant leased his interest in the oil and gas minerals underlying the Property to Triad (the "Tennant Lease"). A Memorandum of Oil and Gas Lease memorializing said lease is of record with the Clerk of the County Commission of Tyler County in Deed Book No. 397, page 154. A copy of the Tennant Lease is attached as **Exhibit A** and incorporated herein.

16. By Oil and Gas Lease Paid Up dated April 6, 2012, plaintiff Lonnie C. Frey leased his interest in the oil and gas minerals underlying the Property to Triad (the "Frey Lease"). A Memorandum of Oil and Gas Lease memorializing said lease is of record with the Clerk of the County Commission of Tyler County in Deed Book No. 397, page 174. A copy of the Frey Lease is attached as **Exhibit B** and incorporated herein.

17. By Oil and Gas Lease Paid Up dated April 6, 2012, plaintiff Lawrence B. Carroll leased his interest in the oil and gas minerals underlying the Property to Triad (the "Carroll Lease"). A Memorandum of Oil and Gas Lease memorializing said lease is of record with the Clerk of the County Commission of Tyler County in Deed Book No. 397, page 175. A copy of the Carroll Lease is attached as **Exhibit C** and incorporated herein.

18. Specifically, the Tennant Lease, the Frey Lease, and the Carroll Lease (collectively, the "Triad Leases") each contain language (see paragraph 4 of each of the Triad Leases) which requires that the lessor is to be paid oil and gas royalties in the following manner:

> 4. In consideration of the premises the Lessee covenants and agrees: (A) To deliver to the credit of the Lessor in tanks or pipelines, as royalty, free of cost eighteen percent (18%) part of all

oil produced and saved from the premises, or at Lessee's option to pay to Lessor the market price for such eighteen percent (18%) royalty oil at the published rate for oil of like grade and gravity prevailing on the date such oil is run into tanks or pipeline. Lessor to pay his royalty share of any expense, if any, for treating the oil from any well to make it marketable as crude; (B) To pay to the Lessor, as royalty, for the gas, including casinghead gas, coalbed methane gas, and other gaseous substances produced from each well drilled thereon, and marketed and used off the premises, eighteen percent (18%) of the price paid to Lessee at the well of such gas, less any charges for gathering, transportation, compression or line loss[.]

19. However, each of the Triad Leases also contains an Addendum that modifies the terms of each of the Triad Leases.

20. In pertinent part, the Addenda to the Triad Leases state:

1. Post-Production Costs

As stated in paragraph 4 of the lease, post production costs shall mean all costs and expense of (a) treating and processing oil and/or gas, and (b) separating liquid hydrocarbons from gas, other than condensate separated at the well, and (c) transporting oil and/or gas, including but not limited to transportation between the wellhead and any production or treating facilities, and transportation to the point of sale, and (d) compressing gas for transportation and delivery purposes, and (e) metering oil and/or gas to determine the amount sold and/or the amount used by Lessee, and (f) sale charges, commissions and fees paid to third parties (whether or not affiliated) in connection with the sale of gas, and (g) any and all other costs and expenses of any kind or nature incurred in regard to the gas, or the handling thereof, between the wellhead and the point of sale.

ii. **Improper Deduction of Post-Production Costs**

21. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease expressly provides that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

22. The Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

23. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease identifies with particularity the specific deductions the lessee intends to take from the lessor's royalty.

24. The Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

25. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease indicates the method of calculating the amount to be deducted from the royalty for post-production costs.

26. The Triad Leases do not indicate a method of calculating the amount to be deducted from the lessor's royalty payments for post-production costs.

27. Accordingly, at no time have any of the lessees of the Triad Leases been permitted to deduct post-production costs from Plaintiffs' royalty payments.

28. Notwithstanding the foregoing, SWNPO and/or SWNPC have deducted post-production costs from Plaintiffs' royalty payments.

29. Further, SWNPO and/or SWNPC have and continue to deduct post-production costs from Plaintiffs' royalty payments.

30. Upon information and belief, SWNPO and/or SWNPC will continue to deduct post-production costs from Plaintiffs' royalty payments unless ordered otherwise by this Court.

31. SWNPC tenders royalty payments to Plaintiffs.

32. By deducting post-production costs from Plaintiffs' royalty payments, SWNPO and/or SWNPC have breached the implied duty to market.

33. SWNPO and/or SWNPC owed and/or owe duties and had and/or have responsibilities under West Virginia law to comply with the express and implied terms and conditions of their oil and gas lease.

34. SWNPO and/or SWNPC had and/or have the responsibility to pay Plaintiffs all monies exactly due and owing to them under their oil and gas leases and West Virginia law.

<b>First Cause of Action<br>(Breach of Contract)</b>

35. Plaintiffs restate the preceding allegations as if set forth herein verbatim.

36. The Triad Leases are valid and enforceable contracts between the parties.

37. At all times, Plaintiffs have complied with the terms of the Triad Leases.

38. The Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

39. The Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

40. The Triad Leases do not expressly indicate a method of calculating the amount to be deducted from the lessor's royalty payments.

41. SWNPO and/or SWNPC breached the Triad Leases by deducting post-production costs from Plaintiffs' royalty payments.

42. As a direct and proximate result of SWNPO and/or SWNPC breaches of the Triad Leases, Plaintiffs have suffered damages.

43. Upon information and belief, SWNPO and/or SWNPC will continue to breach the Triad Leases as alleged in this Complaint.

## Second Cause of Action
### (Accounting)

44. Plaintiffs restate the preceding allegations as if set forth herein verbatim.

45. SWNPO and/or SWNPC have received and/or continue to receive monies in connection with sale of oil and gas produced and marketed pursuant to the Triad Leases, in which Plaintiffs hold royalty interests under the terms of their respective leases.

46. SWNPO and/or SWNPC as lessees or previous lessees of the Triad Leases are subject to certain implied duties and/or legal or equitable obligations to Plaintiffs, such as cooperation and reasonableness, and the right to an accounting from the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted from and sold, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any oil and gas royalties are paid.

47. The precise amounts due and owing Plaintiffs are unknown and cannot be ascertained without an accounting, since the information necessary to determine the amounts is within the exclusive knowledge of SWNPO and/or SWNPC. However, it is believed that said amounts will exceed the sum or value of $75,000, exclusive of interest and costs.

48. Plaintiffs' legal remedies are inadequate to obtain such information.

## Third Cause of Action
### (Interest Pursuant to W. Va. Code § 37C-1-3)

49. Plaintiffs restate the preceding allegations as if set forth herein verbatim.

50. Pursuant to W. Va. Code § 37C-1-3,

> All regular production payment from horizontal wells due and owing to an interest owner shall be tendered in a timely manner, which shall be tendered in a timely manner, which shall not exceed 120 days from the first date of sale of oil, natural gas, or natural gas liquids is realized and within 60 days thereafter for each

additional sale, unless such failure to remit is due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in this article.

51. Additionally, W. Va. Code § 37C-1-3 states that failure to timely remit payments "shall result in a mandatory additional payment of an interest penalty to be set at the prime rate plus an additionally two percent until such payment is made, to be compounded quarterly."

52. SWNPO and/or SWNPC have not timely remitted royalty payments to Plaintiffs as required by W. Va. Code § 37C-1-3.

53. SWNPO's and/or SWNPC's failure to timely remit royalty payments to Plaintiffs as required by W. Va. Code § 37C-1-3 is not due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in article 1.

54. Thus, SWNPO and/or SWNPC have violated W. Va. Code § 37C-1-3, and as a direct and proximate result of said violations, Plaintiffs have suffered damages.

55. Accordingly, SWNPO and/or SWNPC are required to pay Plaintiffs the mandatory additional payment specified in W. Va. Code § 37C-1-3.

### Fourth Cause of Action
### (Declaratory Relief)

56. Plaintiffs restate the preceding allegations as if set forth herein verbatim.

57. Plaintiffs are persons or entities interested in written contracts or instruments as set forth herein.

58. An actual controversy of a justiciable nature exists in the Northern District of West Virginia requiring a judicial declaration of contractual and/or legal rights, relations, duties and obligations.

59.   A declaratory judgment is appropriate in this case since it will terminate or settle the controversy giving rise to this action.

60.   Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S. Code § 2201, Plaintiffs seek a declaratory judgment of the duties and obligations of the parties under the Triad Leases on the following matters:

   a.   that the Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

   b.   that the Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty;

   c.   that the Triad Leases do not expressly indicate the method of calculating the amount to be deducted for post-production costs;

   d.   that the Triad Leases do not expressly permit any deductions of post-production costs from Plaintiffs' royalty payments;

   e.   that Plaintiffs are entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted and sold from their properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

   f.   that Plaintiffs are entitled to an interest payment pursuant to W. Va. Code § 37C-1-3; and

   g.   such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

61.   Plaintiffs have a practical interest in the declaration sought and all parties having an interest therein or adversely affected have been made parties or cited herein.

## Ad Damnum Clause

WHEREFORE, the plaintiffs, Leslie Ray Tennant, Lonnie C. Frey, and Lawrence B. Carroll, respectfully request for relief and judgment against the defendants SWN Production (Ohio), LLC f/k/a Triad Hunter, LLC, and SWN Production Company, LLC, as follows:

a. that this Court issues a declaration that the Triad Leases do not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

b. that this Court issues a declaration that the Triad Leases do not identify with particularity the specific deductions the lessee intends to take from the lessor's royalties;

c. that this Court issue a declaration that the Triad Leases do not expressly indicate the method of calculating the amount to be deducted for post-production costs;

d. that this Court issue a declaration that the Triad Leases do not permit the lessee to deduct post-production costs from Plaintiffs' royalty payments;

e. that this Court issue a declaration that Plaintiffs are entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted and sold from their properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

    f.    that this Court issue a declaration for such other factual and legal issues as are apparent from the allegations and causes of action alleged above;

    g.    compensatory damages;

    h.    costs and disbursements of this action, including attorneys' fees;

    i.    pre-judgment and post-judgment interest; and

    j.    such other further and general relief, as may become apparent as this matter progresses and such other relief as this Court deems proper.

Leslie Ray Tennant, Lonnie C. Frey, and Lawrence Carroll, Plaintiffs

BY: _____
Christian E. Turak

| | |
|---|---|
| Christian E. Turak, Esq. | Daniel J. Guida, Esq. |
| WV State Bar No.: 12633 | WV State Bar No.: 4604 |
| Jeremy M. McGraw | Guida Law Offices, PLLC |
| WV State Bar No.: 10325 | 3374 Main St. |
| Gold, Khourey & Turak, L.C. | Weirton, WV 26062 |
| 510 Tomlinson Ave. | (304) 748-1213 |
| Moundsville, WV 26041 | FAX: (304) 748-1225 |
| (304) 845-9750 | guidalaw@comcast.net |
| FAX: (304) 845-9750 | |
| cet@gkt.com | |
| jmm@gkt.com | |